**4**

PROBER & RAPHAEL, A LAW CORPORATION
LEE S. RAPHAEL, ESQ., #180030
DIANA TORRES-BRITO, ESQ. #163193
NOEMI PADILLA, ESQ. #343367
P.O. Box 4365
Woodland Hills, California 91365-4365
(818) 227-0100
(818) 227-0101 facsimile
Attorneys for Movant
CIG FINANCIAL
C.283-020

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re | Bk. No. 23-21005 |
| LARRY DALE BUTLER, JR., | DCN: PPR-1 |
| Debtor. | CHAPTER 7 |
| | Hearing- |
| | Date: June 8, 2023 |
| | Time: 10:00 A.M |
| | Place: U.S. Bankruptcy Court |
| | 501 I Street, Suite 3-200 |
| | Sacramento, CA 95814 |
| | Dept. E, Courtroom 33 |
| _____ / | Judge: Hon. Ronald H. Sargis |

DECLARATION IN SUPPORT OF CIG FINANCIAL'S
MOTION FOR RELIEF FROM AUTOMATIC STAY

I, Michelle Doan, declare and state:

1. As to the following facts, I know them to be true of my own personal knowledge and if called upon to testify in this action, I could and would testify competently to the following facts personally known to me to be true. I am an employee of CIG FINANCIAL, which is the moving party herein ("Movant"). I am familiar with this case and the facts herein and am authorized to make these statements on behalf of Movant. I have reviewed the loan

service records of CIG FINANCIAL before making these statements. The loan service records are kept within the normal course of business by CIG FINANCIAL, at or near the time of the event, which is noted or memorialized. As to any statements re: equity or lack of equity contained within this Declaration, which are made upon information and belief, these statements are made after examination of the loan file and after consideration of the following factors:

    1) The loan to value ratio;

    2) Amount of arrearages

2. Larry Dale Butler, Jr. ("Debtor") is an individual and the Chapter 7 Debtor herein.

3. Nikki B. Farris has been appointed as the Chapter 7 Trustee in the instant bankruptcy. By the virtue of his position as Chapter 7 Trustee, Nikki B. Farris may hold title to the subject property in that capacity. To the extent that relief sought herein is granted, Nikki B. Farris should be bound by any such judgment.

4. On March 30, 2023, Debtor filed a Petition under Chapter 7 of the Bankruptcy Code.

5. Prior to the filing of the petition, on November 27, 2020, Debtor made, executed and delivered a Retail Installment Contract ("Contract") in the original amount of $30,229.16 to Movant or its predecessor which bears interest as specified therein. The original Contract is held by Movant and a copy is attached hereto as **Exhibit "A"** and is incorporated by reference.

6. The indebtedness evidenced by the Contract is secured by a security interest in a **2017 Mercedes Begle, VIN 4JGDA5HB5HA976701** ("the Vehicle") as evidenced by an Certificate of Title, filed with the Department of Motor Vehicles, State of California. A copy

Declaration in Support of Motion

of the Certificate of Title is attached hereto as **Exhibit "B"** and incorporated herein by reference.

7. As of April 18, 2023, the outstanding Obligations are:

| | |
|---|---|
| Unpaid Principal Balance | $25,941.74 |
| Unpaid, Accrued Interest | $ 1,425.81 |
| Dees Due | $     90.00 |
| Late Charges Due | $    170.15 |
| Minimum Outstanding Obligations | $26,627.70 |

8. In addition to the other amounts due to Movant reflected herein, as of the date hereof, in connection with seeking the relief requested in the Motion, Movant has also incurred $831.00 in legal fees and costs. Movant reserves all rights to seek an award or allowance of such fees and costs in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

9. The following chart sets forth the number and amount of payments due pursuant to the terms of the Note that have been missed by the Debtor:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Missed Payments |
|---|---|---|---|---|
| 1(partial payment) | 11/16/2022 | 11/16/2022 | $680.06 | $680.06 |
| 5 | 12/16/22 | 04/16/2023 | $680.68 | $3,403.70 |
| | | | Late Charge Due: | $170.15 |
| | | | NSF: | $90.00 |
| | | | **Total:** | **$4,343.91** |

10. Interest continues to accrue as set forth in the Contract.

11. Movant has performed each and every act required by the terms of the contract.

12. Movant has elected to initiate proceedings to dispose of the Vehicle with respect to the subject Contract; however, Movant is precluded from proceeding to commence said actions to dispose of subject vehicle during the pendency of this Bankruptcy.

///

Declaration in Support of Motion

3

13. The commercially reasonable value of the Vehicle is approximately $22,600.00, as indicated in the NADA, attached hereto as **Exhibit "C"** and made a part hereof.

14. Notwithstanding the Reaffirmation Agreement cover sheet filed by Debtor on 03/30/23 (Document #10 on the Court's Docket) Movant did not agree to reaffirm the debt.

I declare under penalty of perjury under the laws of the United States of America the foregoing to be true and correct.

Dated this __28__ day of __April__, at __Irvine, CA__.
*City and State*

By _____
Name: Michelle Doan
Title: Bankruptcy Specialist

Declaration in Support of Motion

4