# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# CIVIL MINUTES

**Case Title:** Larry Dale Butler, Jr.

**Case No.:** 23-21005 - E - 7
**Docket Control No.** PPR-1
**Date:** 06/08/2023
**Time:** 10:00 AM

**Matter:** [20] - Motion for Relief from Automatic Stay [PPR-1] Filed by Creditor CIG Financial (Fee Paid $188) (eFilingID: 7210965) (lbef)

**Judge:** Ronald H. Sargis
**Courtroom Deputy:** Kamee Thao
**Reporter:** Electronic Record
**Department:** E

**APPEARANCES for:**
**Movant(s):**
(by phone) Creditor's Attorney - Noemi Padilla
**Respondent(s):**
None

## CIVIL MINUTES

Motion Granted

Findings of fact and conclusions of law stated orally on the record

    **The court will issue an order.**

Local Rule 9014-1(f)(1) Motion—Hearing Required.

Sufficient Notice Provided. The Proof of Service states that the Motion and supporting pleadings were served on Debtor (*pro se*), Chapter 7 Trustee, and Office of the United States Trustee on May 1, 2023. By the court's calculation, 38 days' notice was provided. 28 days' notice is required.

    Though notice was provided, Movant has not complied with Local Bankruptcy Rule 7005-1 which requires the use of a specific Eastern District of California Certificate of Service Form (Form EDC 007-005). This required Certificate of Service form is required not merely to provide for a clearer identification of the service provided, but to ensure that the party providing the service has complied with the requirements of Federal Rule of Civil Procedure 5, 7, as incorporated into Federal Rule of Bankruptcy Procedure 7005, 7007, and 9014(c).

At the hearing, counsel for the Movant assured the court that counsel's office and staff will put in place procedures to insure that the required, Certificate of Service Form is used.

The Motion for Relief from the Automatic Stay has been set for hearing on the notice required by Local Bankruptcy Rule 9014-1(f)(1). Failure of the respondent and other parties in interest to file written opposition at least fourteen days prior to the hearing as required by Local Bankruptcy Rule 9014-1(f)(1)(B) is considered to be the equivalent of a statement of nonopposition. *Cf. Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (upholding a court ruling based upon a local rule construing a party's failure to file opposition as consent to grant a motion). The defaults of the non-responding parties and other parties in interest are entered.

**The Motion for Relief from the Automatic Stay is granted.**

CIG Financial ("Movant") seeks relief from the automatic stay with respect to an asset identified as a 2017 Mercedes "Begle," VIN ending in 6701 ("Vehicle"). While the Motion identifies the vehicle as a "Mercedes Begle" the representative of Movant under penalty of perjury testifies in her Declaration (Dckt. 22) that the Vehicle is a "Mercedes Begle," and the Contract (Exhibit A, Dckt. 23) identify the Vehicle as a "Mercedes Begle," the J.D. Power Vehicle Information for valuation identifies the vehicle as a 2018 Mercedes-Benz GLE Utility 4D (Exhibit C; *Id*.).

It appears that a clerical error occurred in the drafting of the Contract, which has been replicated in the Motion and Declaration. It is likely that auto-correct took a mistyped "BenzGLE" and turned it into "Begle." The court is concerned that if the order modifies the stay with respect to a "Mercedes Begle," and that does not match the Certificate of Title and the California DMV records, Movant will not receive an effective order.

At the hearing, counsel for Movant believed that no further clarification is required in light of the order including the VIN reference.

The moving party has provided the Declaration of Michelle Doan to introduce evidence to authenticate the documents upon which it bases the claim and the obligation owed by Larry Dale Butler, Jr. ("Debtor").

Movant argues Debtor has not made one (1) post-petition payment, with a total of $680.68 in post-petition payments past due. Declaration, Dckt. 22. Movant also provides evidence that there are five (5) pre-petition payments in default, with a pre-petition arrearage of $3,402.78. *Id*.

Movant has also provided a copy of the J.D. Powers Valuation Report for the Vehicle. The Report has been properly authenticated and is accepted as a market report or commercial publication generally relied on by the public or by persons in the automobile sale business. FED. R. EVID. 803(17).

## DISCUSSION

From the evidence provided to the court, and only for purposes of this Motion for Relief, the debt secured by this asset is determined to be $26,627.70 (Declaration, Dckt. 22). The value of the Vehicle is determined to be $28,825.00, as stated in the NADA Valuation Report, which is more than the value stated in Schedule D filed by Debtor that values the Vehicle at $22,000.00.

**11 U.S.C. § 362(d)(1): Grant Relief for Cause**

Whether there is cause under 11 U.S.C. § 362(d)(1) to grant relief from the automatic stay is a matter within the discretion of a bankruptcy court and is decided on a case-by-case basis. *See J E Livestock, Inc. v. Wells Fargo Bank, N.A. (In re J E Livestock, Inc.)*, 375 B.R. 892 (B.A.P. 10th Cir. 2007) (quoting *In re Busch*, 294 B.R. 137, 140 (B.A.P. 10th Cir. 2003)) (explaining that granting relief is determined on a case-by-case basis because "cause" is not further defined in the Bankruptcy Code); *In re Silverling*, 179 B.R. 909 (Bankr. E.D. Cal. 1995), *aff'd sub nom. Silverling v. United States (In re Silverling)*, No. CIV. S-95-470 WBS, 1996 U.S. Dist. LEXIS 4332 (E.D. Cal. 1996). While granting relief for cause includes a lack of adequate protection, there are other grounds. *See In re J E Livestock, Inc.*, 375 B.R. at 897 (quoting *In re Busch*, 294 B.R. at 140). The court maintains the right to grant relief from stay for cause when a debtor has not been diligent in carrying out his or her duties in the bankruptcy case, has not made required payments, or is using bankruptcy as a means to delay payment or foreclosure. *W. Equities, Inc. v. Harlan (In re Harlan)*, 783 F.2d 839 (9th Cir. 1986); *Ellis v. Parr (In re Ellis)*, 60 B.R. 432 (B.A.P. 9th Cir. 1985). The court determines that cause exists for terminating the automatic stay, including defaults in post-petition payments that have come due. 11 U.S.C. § 362(d)(1); *In re Ellis*, 60 B.R. 432.

**11 U.S.C. § 362(d)(2)**

A debtor has no equity in property when the liens against the property exceed the property's value. *Stewart v. Gurley*, 745 F.2d 1194, 1195 (9th Cir. 1984).

Here, Movant states the value of the vehicle is $22,600.00. However, Movant directs the court to the "Clean Loan" value. The "Clean Retail" value as provided by the NADA report is $28,825.00. Since the debt is $26,627.70, there appears to be some equity in the vehicle. However, it is limited and therefore the court finds there is not enough to warrant denying the motion.

Once a movant under 11 U.S.C. § 362(d)(2) establishes that a debtor or estate has no equity in property, it is the burden of the debtor or trustee to establish that the collateral at issue is necessary to an effective reorganization. 11 U.S.C. § 362(g)(2); *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs. Ltd.*, 484 U.S. 365, 375–76 (1988). Based upon the evidence submitted, the court determines that there is no equity in the Vehicle for either Debtor or the Estate. 11 U.S.C. § 362(d)(2). This being a Chapter 7 case, the Vehicle is *per se* not necessary for an effective reorganization. *See Ramco Indus. v. Preuss (In re Preuss)*, 15 B.R. 896 (B.A.P. 9th Cir. 1981).

The court shall issue an order terminating and vacating the automatic stay to allow Movant, and its agents, representatives and successors, and all other creditors having lien rights against the Vehicle, to repossess, dispose of, or sell the asset pursuant to applicable nonbankruptcy law and their contractual rights, and for any purchaser, or successor to a purchaser, to obtain possession of the asset.

**Request for Waiver of Fourteen-Day Stay of Enforcement**

Federal Rule of Bankruptcy Procedure 4001(a)(3) stays an order granting a motion for relief from the automatic stay for fourteen days after the order is entered, unless the court orders otherwise. Movant requests, for no particular reason, that the court grant relief from the Rule as adopted by the United States Supreme Court. With no grounds for such relief specified, the court will not grant additional relief merely stated in the prayer.

Movant has not pleaded adequate facts and presented sufficient evidence to support the court waiving the fourteen-day stay of enforcement required under Federal Rule of Bankruptcy Procedure 4001(a)(3), and this part of the requested relief is not granted.

**Granting Prevailing Party Fees and Costs**

Federal Rule of Civil Procedure 54, which is incorporated into Federal Rule of Bankruptcy Procedure 7054 for adversary proceedings, and made applicable to contested matters by Federal Rule of Bankruptcy Procedure 9014(c), provides that a prevailing party may request attorney's fees (as allowable under applicable law) and costs in a contested matter. In the Motion, Movant requests the combined sum of $831.00 for fees and costs in prosecuting this Motion. In light of the modest amount of fees for a contested matter like this, the court allows for such to be requested in the motion itself, rather than requiring a separate post-judgment motion.

The court allows Movant $831.00 in attorney's fees (which are provided for in the underlying contract) and costs.

No other or additional relief is granted by the court.